FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 14, 2013**

Elisabeth A. Shumaker
Clerk of Court

|  |  |
|---|---|
| In re:<br><br>GIBRAN JESUS<br>RAMIREZ−HERNANDEZ,<br><br>Petitioner. | No. 13-1080<br>(D.C. Nos. 1:11-CR-00043-REB-1<br>1:12-CV-00697-REB)<br>(D. Colo.) |

**ORDER**

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.

This matter is before us on petitioner's application for a writ of mandamus and his motion to proceed without prepayment of fees and costs. Petitioner seeks an order of this court directing the district court to consider and decide his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This is a matter of some urgency because the end of petitioner's sentence is drawing near.

The district court's docket reflects that the court entered judgment against petitioner on August 19, 2011, on his guilty plea to one count of illegal reentry after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 36 months' imprisonment. Seven months later, on March 20, 2012, petitioner filed a § 2255 motion. The government filed a response on April 24, 2012, and after an extension of time, petitioner filed his reply

on July 5, 2012.  To date, no further action has been taken by the district court on petitioner's § 2255 motion.  The cause has therefore been pending for almost twelve months, but it has been at issue for only eight months.  Petitioner represents in his petition that the sentence he is challenging in his § 2255 motion will expire on September 18, 2013.

We are concerned with the delay, particularly since additional delay might result in his having served the full measure of his sentence before § 2255 review has occurred.  Nevertheless, the extraordinary remedy of mandamus is not warranted at this time.  *Cf. Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding district court's fourteen-month delay in deciding habeas petition was impermissible and granting petition for writ of mandamus).  Accordingly, the petition for a writ of mandamus is denied without prejudice to petitioner filing another petition in the event of further delay by the district court in resolving his § 2255 motion.  Petitioner's motion for leave to proceed in this matter without prepayment of fees and costs is granted.

        Entered for the Court

        *Elisabeth A. Shumaker*
        ELISABETH A. SHUMAKER, Clerk